# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TRACHON L. CARSON,** ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | Complaint for Violation of Civil Rights and |
| ) | State Supplemental Claims |
| The City of Chicago, Chicago Police ) | |
| Officers Peter Ujda, Star No. 4980, ) | **JURY DEMANDED** |
| Elijah Muhammad, Star No. 5487, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff TRACHON L. CARSON ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendants Chicago Police Officers Peter Ujda, Star No. 4980 ("Ujda") and Elijah Muhammad, Star No. 5487 ("Muhammad") (collectively "Defendants") were employed by the City of Chicago Police Department and acted under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiff is suing Defendants in their individual capacities.

Case: 1:22-cv-02199 Document #: 1 Filed: 04/27/22 Page 2 of 8 PageID #:2

5. At all times mentioned herein, the City of Chicago ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

9. On or about October 4, 2021, at all times material, Plaintiff was sitting in her parked motor vehicle with her fiancée.

10. Shortly thereafter, Muhammad pulled up in a police vehicle, stepped out, and approached Plaintiff's motor vehicle.

11. Muhammad commanded Plaintiff to step out of the vehicle. Plaintiff complied.

12. Muhammad had no legal cause to command Plaintiff to step out of the motor vehicle.

13. Shortly thereafter, Ujda pulled up in a police vehicle, stepped out, and approached Muhammad and Plaintiff.

14. Defendants, in conjunction, handcuffed Plaintiff using excessive force, causing an injury to Plaintiff.

15. There was no legal cause to handcuff Plaintiff or use excessive force while handcuffing Plaintiff.

16. Defendants searched Plaintiff and failed to find any contraband.

17. There was no legal cause to search Plaintiff.

18. Defendants searched Plaintiff's motor vehicle and failed to find any contraband.

19. There was no legal cause to search Plaintiff's motor vehicle.

20. Plaintiff informed Defendants that she did not want Defendants to impound her motor vehicle.

21. Regardless, Defendants impounded Plaintiff's motor vehicle.

22. There was no legal cause to impound Plaintiff's motor vehicle.

23. Defendants had no legal cause to order Plaintiff to exit her motor vehicle, search Plaintiff, handcuff Plaintiff, detain and/or arrest Plaintiff, use force while seizing Plaintiff, search Plaintiff's motor vehicle, or impound Plaintiff's motor vehicle.

24. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

25. The actions and/or omissions by Defendants as mentioned above were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the actions and/or omissions mentioned above by Defendants, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to her in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH OF PLAINTIFF AND HER MOTOR VEHICLE**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. Defendants deprived Plaintiff of her rights, privileges, and immunities secured to

her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff and her motor vehicle violated Plaintiff's Constitutional Rights and was not authorized by law. Defendants violated Plaintiff's rights by commanding Plaintiff to exit her motor vehicle and searching Plaintiff and her motor vehicle without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE DETENTION AND/OR ARREST

30. Plaintiff hereby incorporates and realleges paragraphs one through twenty-six (26) hereat as though fully set forth at this place.

31. Defendants deprived Plaintiff of her rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

32. The arbitrary detention and/or arrest of Plaintiff violated her Constitutional Rights and were not authorized by law. Defendants violated Plaintiff's rights by commanding her to exit the motor vehicle and unlawfully handcuffed, detained, and/or arrested her without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFF AGAINST DEFENDANT OFFICERS FOR EXCESSIVE FORCE

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

34. During Plaintiff's seizure, Defendants used excessive force against Plaintiff's person.

35. There was no legal cause for Defendants to use force against Plaintiff.

36. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

37. The physical violence inflicted upon Plaintiff was unnecessary, unreasonable, and excessive and violated Plaintiff's Fourth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEIZURE OF PLAINTIFF'S MOTOR VEHICLE**

38. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

39. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's motor vehicle violated Plaintiff's constitutional rights and was not authorized by law. Defendants violated Plaintiff's rights by seizing her motor vehicle without probable cause. These acts violated Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT V**

**PLAINTIFF AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF CONVERSION**

41. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place

42. Defendants, without authorization, deprived Plaintiff of personal property, for an unreasonable period of time, that she was lawfully allowed to possess.

43. The deprivation of Plaintiff's motor vehicle was not authorized by law. Thus, Defendants violated the law by impounding Plaintiff's motor vehicle.

44. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendants.

45. The City of Chicago is liable pursuant to *respondeat superior*.

46. The deprivation of Plaintiff's personal property was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Plaintiff.

**COUNT VI**
**PLAINTIFF AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF TRESPASS TO PERSONAL PROPERTY**

47. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place

48. Defendants, without authorization, deprived Plaintiff of personal property, for an unreasonable period of time, that she was lawfully allowed to possess.

49. The deprivation of Plaintiff's motor vehicle was not authorized by law. Thus, Defendants violated the law by impounding Plaintiff's motor vehicle.

50. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendants.

51. The City of Chicago is liable pursuant to *respondeat superior*.

52. The deprivation of Plaintiff's personal property was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Plaintiff.

**WHEREFORE**, Plaintiff, TRACHON L. CARSON, by and through her attorneys, ED FOX & ASSOCIATES, request judgment as follows:

1. That Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants pay Plaintiff's special damages;

3. That Defendants pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendants, except the City of Chicago, to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES, LTD.
Attorneys for Plaintiffs
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com